# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JULIO GRACIANO,                          :

                Petitioner,          :     Civil Action No. 14-3551 (JLL)

                v.                   :     **MEMORANDUM AND ORDER**

STATE OF NEW JERSEY, et al.,             :

                Respondents.         :

IT APPEARING THAT:

1.  *Pro se* Petitioner Julio Graciano, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254.  Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014).

2.  Petitioner also neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis*. Specifically, Petitioner failed to submit the account certification required by Local Civil Rule 81.2(b).

3.  Finally, Petitioner names only the State of New Jersey as a respondent.  Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  *See also* 28 U.S.C. § 2243 ("The writ, or

order to show cause shall be directed to the person having custody of the person detained"); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–436, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

THEREFORE, it is on this __*17*__ day of __*June*__, 2014;

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014) and a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case, for use by a prisoner; and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the

appropriate form **and** either the $5 filing fee or a complete *in forma pauperis* application; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case; a complete, signed petition; and either the $5 filing fee or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

Jose L. Linares, U.S.D.J.

3